UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE B. LICHTI,<br><br>    Plaintiff,<br><br>    v.<br><br>HEATHER HAMMOND,<br><br>    Defendant. | Case No. 17-cv-02528-HSG<br><br>**ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

On May 3, 2017, Defendant Heather Hammond removed this case from Humboldt County Superior Court. Dkt. No. 1. She also seeks to proceed *in forma pauperis*. Dkt. No. 3. Having reviewed Defendant's notice of removal, the Court finds that it lacks subject matter jurisdiction over this action and accordingly **REMANDS** the case to state court.

**I.  BACKGROUND**

Plaintiff Theordore Lichti is the owner of the real property located at 6521 Avenue of the Giants, Space RV-2, Miranda, California, in Humboldt County (the "Property"). Dkt. No. 1-1 at 6. Defendant has rented the property as a month-to-month tenant since approximately October 1, 2014. *Id.* On December 28, 2016, Defendant was personally served with a notice to quit. *Id.* at 7. In his form complaint, Plaintiff failed to check the box indicating the time period of the notice, *id.*, but Defendant's demurrer states that it was a three-day notice of termination of tenancy, *id.* at 11. At any rate, Defendant had not complied with the notice as of the filing of the complaint, and Plaintiff sought possession of the Property, damages for unpaid income, and costs. *Id.* at 8. On the ground that Defendant's continued possession of the Property was "malicious," Plaintiff asserted that section 1174(b) of the California Code of Civil Procedure provided a basis for him to recover statutory damages. *Id.* Plaintiff filed his complaint as a limited civil case demanding less than $10,000. *Id.* at 6.

Although unartfully worded, Defendant's notice of removal is fairly construed as stating that removal is proper under 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1 at 2–3. However, the basis for such jurisdiction, according to Defendant, is its own answer:

> Defendant filed an Answer to the complaint based on a defective notice, i.e., the Notice to Pay Rent or Quit, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]. . . . Federal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law.

*Id.* (bracketed statute in original).

## II. LEGAL STANDARD

When a case is removed to federal court, the Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Removal to federal court is only proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. As courts of limited jurisdiction, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case only "arises under federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (internal quotation marks and ellipses omitted). Pursuant to the "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (internal quotation marks omitted).

## III. ANALYSIS

Defendant fails to show that removal is proper based on any federal law. Defendant's

2

notice of removal characterizes its answer asserting a defense under federal law as the basis for the Court to exercise federal question jurisdiction. However, this argument is meritless because federal question jurisdiction must be premised on the face of the complaint—not a defense thereto. Plaintiff's complaint does not allege any federal claims whatsoever. Apart from this flawed theory, Defendant asserts no other basis for the Court to exercise subject matter jurisdiction, and the Court discerns none.

## IV. CONCLUSION

Because the Court lacks subject matter jurisdiction, it **REMANDS** the case to Humboldt County Superior Court, Case No. CV170163. Defendant's motion for leave to proceed *in forma pauperis* is moot. The clerk shall remand the case forthwith and close the case.

**IT IS SO ORDERED.**

Dated: 7/12/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge